Nicholson, C. J.,
delivered the opinion of the court.
Defendant in error sued plaintiff in error in trespass for false imprisonment, and recovered a judgment for $640. Defendant below put in two pleas — not guilty, and the statute of limitations; the latter was as follows: “That said offenses, if committed at all, were not committed within such a period of time before the beginning of this suit as may be inquired of by this court, and this defendant is ready to verify,” etc.
*313 The plaintiff entered a motion to show cause why this plea should be stricken from the file, but the record shows no reason why the motion was made. Upon argument of the motion, it was considered by the court that said plea be stricken out and from the files. For what it was stricken out does not appear whether for insufficiency as a plea of the statute of limitations or because of the supposed operation of the Schedule to the amended Constitution of 1865 in suspending the statute of limitations from May 6, 1861, to the 1st of January, 1867.
The striking out of the plea is the only error assigned by plaintiff in error for a reversal of the judgment. It is obvious, under the holding of this court, in Girdner v. Stephens, 1 Heis., 280, that if the plea was sufficient in form it was a complete bar to the' action. The trespass complained of occurred in December, 1861, and the suit was brought in March, 1865. If the plea was stricken out for the reason that it was not deemed available on' account of the operation of the Schedule referred to, the court was in error.
The question then recurs, was the plea sufficient? Instead of specifying the time within which the action had been barred, the plea says that the offense was not committed within such period of time before the beginning of the suit as may be inquired of by the court. The meaning of the plea could not well be misunderstood. The object was to rely upon the statute of one year or three years as the court might deem applicable to the case. By s. 2884 of the *314 Code, it is provided that “any pleading possessing the following requisite is sufficient: 1. When it conveys a reasonable certainty of meaning. 2. When, by a fair and natural construction, it shows a substantial cause of action or defense. If defective in the first of the above particulars, the court, on motion, shall direct a more specific statement; if in the latter, it is ground óf demurrer.”
If the motion was made because the plea failed to carry a reasonable certainty of meaning, it was the duty of the court, upon motion, to dismiss, to direct a more specific statement, but not to strike it out. If the motion was made because the plea did not show a substantial cause of defense, a demurrer, and not a motion, was the mode prescribed for reaching the defect, and, upon sustaining the demurrer, the party should have the privilege of pleading over. Upon whatever ground, therefore, the motion was made and sustained, it was error to strike out the plea.
Let the judgment be reversed.